```
                IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF DELAWARE
```

| | | |
|---|---|---|
| LIVE FACE ON WEB, LLC | : | |
| | : | CIVIL ACTION NO. 17-539 |
| v. | : | |
| | : | |
| ROCKFORD MAP GALLERY, LLC, et al. | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                          SEPTEMBER 30, 2020

This is a copyright infringement action brought pursuant to the Copyright Act of 1976, 17 U.S.C. § 101 et seq. Plaintiff Live Face on Web, LLC ("Plaintiff") claims that Defendants Rockford Map Gallery, LLC, First State Map & Globe Co., and Patrick Keane ("Defendants") distributed its copyrighted computer code without authorization. Presently before the Court is Defendants' motion for summary judgment based on statute of limitations. Because Plaintiff's claims are barred by the applicable statute of limitations, the Court will grant Defendants' motion.

I.   **FACTS**

Defendant Keane is the owner of Defendants Rockford Map Gallery and First State Map & Globe, which are two small businesses that he operates. In mid-2011, Defendants purchased a license to use a JavaScript computer code along with custom

"virtual greeter" videos from a third party, Tweople, Inc., to be used on Defendants' two websites, schoolemergencyguide.com and learnamap.com. This code caused a video overlay of the virtual greeter to appear on the website to help direct or inform customers. Every time a visitor opened one of Defendant's websites, the website HTML code automatically triggered the JavaScript code to play the video of the greeter. Defendants stopped using the virtual greeter and removed the code from learnamap.com in 2012 and from schoolemergencyguide.com in 2013.

Plaintiff alleges that Tweople's product, which Defendants purchased and used, infringes on its copyrighted JavaScript code. Plaintiff also asserts that because Tweople's customers caused the allegedly infringing JavaScript code to be automatically distributed each time an individual visited their websites, these customers are also copyright infringers. There is no evidence that at the time of the alleged infringement Defendants knew they were using a possibly infringing product.

In January 2014, Plaintiff filed claims against Tweople and at least twenty of Tweople's customers. Defendants were not sued at that time. As part of its pre-suit investigation, and in the weeks prior to January 2014, Plaintiff accessed one of Tweople's webservers and was able to download thousands of short videos of virtual greeters that had been made

for Tweople's customers. The videos made for and used by Defendants were among those downloaded by Plaintiff.

Google analytics data also shows that "live face on web, llc" accessed Defendants' learnamap.com website on two separate days in December 2013 during the period when Plaintiff was conducting its pre-suit investigation of Tweople and its customers.

Plaintiff has described how it uncovered the alleged infringers, including Defendants. First it viewed the short video made for Tweople's customer and then searched for that customer's website. Once a website was located, Plaintiff searched the Wayback Machine internet archive for saved versions of the website from the relevant periods. Finally, Plaintiff searched the archived website HTML code for signs of its copyrighted code. Plaintiff contends that it took thousands of hours and many months to engage in this process and that its three employees worked part time on this endeavor.

Plaintiff claims that Eduard Shcherbakov, the owner of Live Face, viewed Defendants' virtual greeter video files for the first time in January and February of 2015. Plaintiff then waited an additional two years to file its case against Defendants on May 5, 2017. According to Plaintiff's complaint and the exhibits attached thereto, once Shcherbakov watched the videos made for Defendants, he obtained the relevant archived

3

copies of the Defendants' sites from the Wayback machine and identified the infringing code therein within a day.

## II.  LEGAL STANDARDS

Summary judgment will be granted when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). There is a genuine factual dispute when a reasonable jury could come to the opposite conclusion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). A dispute of fact is material when it "might affect the outcome of the suit under the governing law." Id. at 248. The Court views all facts in the light most favorable to the nonmoving party. See Pignataro v. Port Auth. of N.Y. & N.J., 593 F.3d 265, 268 (3d Cir. 2010).

Copyright causes of action have a three-year statute of limitations period from the time the claim accrues. 17 U.S.C. § 507(b). Given that this is a federal cause of action and a federal statute sets the limitations period, the Court applies federal law in reaching its decision.[1] In the Third Circuit, federal courts apply the discovery rule in connection with the copyright statute of limitations which provides that "a 'cause

---

[1] See 28 U.S.C. § 1338(a) ("The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to . . . copyrights . . . . No State court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to . . . copyrights.").

4

of action accrues "when the plaintiff discovers, or with due diligence should have discovered, the injury that forms the basis for the claim."'" William A. Graham Co. v. Haughey, 568 F.3d 425, 433 (3d Cir. 2009) (quoting Disabled in Action of Pa. v. Se. Pa. Transp. Auth., 539 F.3d 199, 209 (3d Cir. 2008)).

This analysis proceeds in two steps: first, courts ask whether the plaintiff "should have known of the basis for [its] claims [, which] depends on whether [it] had sufficient information of possible wrongdoing to place [it] on inquiry notice or to excite storm warnings of culpable activity." Id. at 438 (alterations in original) (quoting Benak ex rel. All. Premier Growth Fund v. All. Cap. Mgmt. L.P., 435 F.3d 396, 400 (3d Cir. 2006)).

And two, if the defendant can demonstrate such storm warnings, the burden shifts to the plaintiff to show that "[it] exercised reasonable due diligence and yet [was] unable to discover [its] injuries." Id. (alterations in original) (quoting Benak, 435 F.3d at 400).

**III. DISCUSSION**

   **A.  The Existence of Storm Warnings**

Defendants claim that, no later than January 2014, sufficient storm warnings, or, in other words, information of possible wrongdoing, existed to place Plaintiff on inquiry

5

notice of the existence of possible claims against Defendants. These warnings include:

- Knowledge in late 2013 that Tweople and its customers were allegedly violating its copyright.

- The receipt of Tweople's client's videos sometime in the weeks leading up to January 2014 and the knowledge that each of those videos was linked to a likely infringer.

- That on two different days in December 2013, Plaintiff visited Defendant's learnamap.com website.

Plaintiff does not dispute any of these facts, including that Google analytics show that "live face on web, llc" accessed Defendants' learnamap.com website during its pre-suit investigations. Under this set of undisputed facts[2], including that Plaintiff had visited learnamap.com, the court concludes that, by January 2014, Plaintiff had in its possession sufficient evidence of Defendants' possible wrongdoing to place Plaintiff on inquiry notice.

The Court concludes that Defendants have met their burden of establishing adequate storm warnings and that, in the light most favorable to Plaintiff, no reasonable jury could find

---

[2] Ordinarily, when the facts are in dispute, the date on which the discovery rule is triggered is left to the fact finder. Here, however, the salient facts are not in dispute. Therefore, the issue of when the discovery rule is implicated can be addressed under the summary judgment standard. See, e.g., Graham, 568 F.3d at 441 (reversing the district court's grant of summary judgment to the defendant based on the discovery rule because sufficient facts supported that plaintiff was not on inquiry notice of the infringement at the relevant time).

otherwise. The burden now shifts to Plaintiff to show that even though it exercised reasonable due diligence, it was unable to discover earlier its injuries attributable to Defendants.

### B.   Lack of Reasonable Due Diligence

Plaintiff argues that it exercised reasonable due diligence in uncovering Defendants' infringement. However, it contends that there were thousands of short videos identifying potential infringers to examine and that it only had three employees to view them on a part-time basis. Plaintiff is a sophisticated litigant who pursues alleged infringers on a regular basis. Given its familiarity with this type of litigation, it was certainly capable of outsourcing, or utilizing one of the multiple law firms it retains to handle this type of litigation, to assist it with this task. That Plaintiff chose instead a more relaxed method to review the video clips using three individuals working part time did not toll or extend the statute of limitations.

Plaintiff also contends that, given the large number of potential infringers, the process of uncovering their identity took significant time. However, regarding Defendants specifically, Plaintiff has not seriously disputed that its own amended complaint and exhibits show that it identified the infringing code in archived versions of schoolemergencyguide.com on the same day Shcherbakov first viewed the associated video.

7

And that within a day, he identified the offending code in archived versions of learnamap.com. Moreover, as stated, Plaintiff does not dispute that "live face on web, llc" twice visited learnamap.com in December 2013. Especially in light of these facts, Plaintiff has not explained why it waited an additional two years after it claims that it first discovered Defendants' alleged infringement to bring suit.

The Court concludes that no reasonable jury could find that Plaintiff has met its burden of showing that it exercised reasonable due diligence but was still not able to uncover Defendants' alleged infringement until Shcherbakov viewed Defendants' videos in early 2015. Not only did Plaintiff have in its possession or available all of the evidence it needed to uncover the alleged infringement in late 2013, it had also identified one of the Defendants' websites during that time.

**IV.   Conclusion**

As a result, the Court concludes that Plaintiff's claims against Defendants accrued sometime before January 2014. Therefore, it had three years from that time, i.e. January 2017, to file suit. Plaintiff did not file its suit against Defendants until May 2017. Under these circumstances, Plaintiffs claims are barred by the statute of limitations and summary judgment must be awarded in Defendants' favor.

An appropriate order follows.