IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LIVE FACE ON WEB, LLC            :
                                 :     CIVIL ACTION NO. 17-539
     v.                          :
                                 :
ROCKFORD MAP GALLERY, LLC, et al. :


M E M O R A N D U M

EDUARDO C. ROBRENO, J.                    OCTOBER 19, 2022


        This was a copyright infringement action brought

pursuant to the Copyright Act of 1976, 17 U.S.C. § 101 et seq.

Plaintiff Live Face on Web, LLC ("Plaintiff") claimed that

Defendants Rockford Map Gallery, LLC, First State Map & Globe

Co., and Patrick Keane ("Defendants") distributed its

copyrighted computer code without authorization. The Court

granted summary judgment in favor of Defendants on statute of

limitations grounds, making Defendants the prevailing parties.

     Presently before the Court is Defendants' motion for

$596,859.50 in attorneys' fees and costs pursuant to 17 U.S.C. §

505. The Court will grant the motion but, for the reasons

described below, will discount the requested fees by one-third

to $397,906.00.

## I.    LEGAL STANDARD

Section 505 of the Copyright Act provides that a court "in its discretion may allow the recovery of full costs" to any party in a copyright action, and "the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. "[A]n award of reasonable attorneys' fees and costs tends to be the rule rather than the exception in actions for copyright infringement." Webloyalty.com, Inc. v. Consumer Innovations, LLC, 388 F. Supp. 2d 435, 443 (D. Del. 2005) (quoting Compendia Songs v. On Top Comm., LLC, No. 04-cv-252, 2004 WL 2898070, at *5 (D. Del. Nov. 15, 2004)); Lowe v. Loud Records, 126 Fed. App'x. 545, 547 (3d Cir. 2005).

## II.   DISCUSSION

### A.    The Propriety of Fees and Costs

In exercising its discretion to award attorneys' fees, courts generally evaluate four factors: "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." Lieb v. Topstone Industries, Inc., 788 F.2d 151, 156 (3d Cir. 1986). "The district court retains a great deal of discretion in deciding what a reasonable fee award is, so long as any reduction is based on objections actually raised by the

adverse party." Bell v. United Princeton Props., Inc., 884 F.2d 713, 721 (3d Cir. 1989).

The Court concludes that it is appropriate in this case to award fees to Defendants' counsel. Plaintiff filed well over one-hundred similar suits all over the country to extract exorbitant copyright awards from unknowing infringers who bought computer code from a third party. By its actions, Plaintiff appears to have been part of the "cottage industry of opportunistic copyright holders—earning the derisive moniker 'intellectual property trolls'— . . . in which a troll enforces copyrights not to protect expression, but to extract payments through litigation." Design Basics, LLC v. Kerstiens Homes & Designs, Inc., 1 F.4th 502, 503 (7th Cir. 2021). Plaintiff's damage claims during the case were very suspect and Plaintiff's motivations in bringing the case did not appear to support the purposes of the Copyright Act. The Court further notes that Plaintiff should have realized that it had brought this suit too late, thus its continued pursuit appears unreasonable.

The Court concludes that an award of fees under these circumstances advances the purposes of compensating the prevailing party and will help deter misuse of the Copyright Act.

**B.    The Reasonableness of the Fee Request and Objections Thereto**

According to Defendants, the fees and costs that they request, $596,859.50, are below their $605,086.50 lodestar calculation. The effective hourly rates for Defense Counsel ranged from $423 for associates to $731 for partners, with a combined effective rate of $595 for the 1,003 hours of work. Work performed by paralegals and IT litigation support totaled 27 hours, with an effective rate of $305 per hour. These hours are supported by the copious records attached to Defendants' motion. Specifically, Defendants provide twenty-five pages of line-by-line billing and expense entries performed by four attorneys and six support staff members.

It is clear that Defense Counsel expended significant time and money in this case. Over several years of active litigation, Defendants filed motions to dismiss, took fairly fulsome fact and expert discovery, filed four motions for summary judgment, and defended against Plaintiff's three motions for summary judgment. The Court also concludes that the hourly rates sought are within the historic realm of reasonableness for copyright cases in the District of Delaware.

However, after careful consideration of the parties' arguments, the Court will sustain some of Plaintiff's objections and, as a result, the Court will reduce the requested fee by

4

one-third to $397,906. See Am. Bd. of Internal Med. v. Von Muller, 540 F. App'x 103, 107 (3d Cir. 2013) (providing that a court "may reduce the requested hours with an across-the-board cut" (quoting Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008)) and that "[w]hile blanket percentage reductions should not be ordered in a perfunctory fashion, . . . they are permissible so long as the court 'provide[s] a concise but clear explanation of its reasons for the fee award'" (quoting Hensley v. Eckerhart, 461 U.S. 424, 437 (1983))).

While a "determination of fees 'should not result in a second major litigation,'" "trial courts need not, and indeed should not, become green-eyeshade accountants." Fox v. Vice, 563 U.S. 826, 838 (2011) (quoting Eckerhart, 461 U.S. at 437). Given the potentially complex nature of the case and abundant billing records, the Court concludes that the use of the percentage reduction method is warranted in this case. See I.K. o/b/o Z.S. v. Montclair Bd. of Educ., No. CV169152MCALDW, 2019 WL 5344550, at *4 (D.N.J. Aug. 28, 2019), report and recommendation adopted, No. CV 16-09152, 2019 WL 5309523 (D.N.J. Oct. 17, 2019) (providing that "[s]uch an across-the-board reduction is particularly appropriate here because plaintiff's fee application includes over 300 line entries from 17 different attorneys and paraprofessionals charging 8 different billing rates."); see also Gates v. Deukmejian, 987 F.2d 1392, 1399 (9th

5

Cir. 1992) (providing that "in cases where a voluminous fee application is filed in exercising its billing judgment the district court is not required to set forth an hour-by-hour analysis of the fee request," and instead "the district court has the authority to make across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure 'as a practical means of trimming the fat from a fee application'" (quoting New York State Ass'n for Retarded Children v. Carey, 711 F.2d 1136, 1146 (2d Cir. 1983))).

Thus, this Court will "take into account [its] overall sense of [the] suit, and [will] use estimates in calculating and allocating an attorney's time" given that the "essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." Fox, 563 U.S. at 838.

Here, Plaintiff argues that Defendants impermissibly engaged in block billing. See Simring v. Rutgers, 634 F. App'x 853, 859 (3d Cir. 2015) ("Block billing makes it more difficult for courts to review hours expended because we do not know how many hours a lawyer spent on a discrete task"). The Court agrees that some of Defense Counsel's billing is vague and difficult to evaluate.

Plaintiff also argues that Defense Counsel's research was inflated and duplicative. The Court agrees that it appears that this individual case did not require as much research as was

reportedly performed by Defense Counsel. Relatedly, Plaintiff argues that the hours ascribed to discovery were inflated. The Court agrees that this case should not have required Defendants to expend as many hours during the discovery phase as they have reported in their fee petition.

Finally, the Court agrees with Plaintiff that Defendants are not entitled to technical and damage expert costs as a matter of law because such costs cannot be shifted under 17 U.S.C. §505. Rimini St., Inc. v. Oracle USA, Inc., 139 S. Ct. 873, 878 (2019) ("The Copyright Act does not explicitly authorize the award of litigation expenses beyond the six categories specified in §§1821 and 1920. And §§1821 and 1920 in turn do not authorize an award for expenses such as expert witness fees, e-discovery expenses, and jury consultant fees.").[1]

Thus, while Defendants are entitled to significant fees and costs as the prevailing party, the Court concludes that the work performed in the case was greater than necessary and will award an amount one-third less than the fees and costs requested.[2]

---

[1]    The Court has considered but rejected the remainder of Plaintiff's objections.

[2]    After a hearing on the motion for fees, the Court ordered the parties to file supplemental briefs "discussing the implications of the Rules of Professional Conduct or any statute or rule of court on the fee shifting statute in relation to Defendants' claim for fees." ECF No. 167. Upon review of the briefs and the law, the Court concludes that there are no

**III.     CONCLUSION**

While the Court strongly agrees that a fee award to Defense Counsel is warranted, it also finds that justice and the purposes of the Copyright Act require the Court to reduce the requested fee and cost request. Thus, the Court grants the motions for fees but reduces the fee and costs amount to $397,906.00.

An appropriate order follows.

---

ethical barriers to awarding fees to Defendants' counsel under the circumstances presented in this case.